No. 65,286

In The Matter of ROBERT R. CAIN, *Respondent.*

(801 P.2d 1325)

Opinion filed December 7, 1990. ■

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam:* This is an original proceeding in discipline filed by Bruce E. Miller, Disciplinary Administrator, against Robert R. Cain, of Olathe, an attorney admitted to the practice of law in Kansas. The petition alleged that the respondent mishandled his client's lawsuit. The matter was referred to and heard by a panel of the Kansas Board for Discipline of Attorneys. Respondent, though notified of the hearing, failed to appear. After hearing the evidence, the panel recommended that the respondent be suspended from the practice of law.

The findings of fact are taken from the Final Hearing Report of the Kansas Board for Discipline of Attorneys, filed June 21, 1990.

Complainant Clayton C. Harris, a resident of DeSoto, Kansas, testified that he had no family attorney and is unfamiliar with legal proceedings. In the summer of 1986, Harris, after his automobile tires were checked by an employee of the Firestone Tire and Rubber Company, departed on a summer vacation with his family. He subsequently was involved in an automobile accident. Harris claimed that Firestone, which had checked the tires, failed to properly secure the wheel lug nuts to the bolts. This failure contributed to the accident and caused damage to his car.

In the fall of 1986, after an unsuccessful attempt to settle his claim with Firestone, Harris contacted the respondent. Harris provided respondent with all of his correspondence with Firestone and records documenting his claim. Respondent informed Harris he had a good case. Though Harris employed the respondent to

represent him, he never signed a written contract of employment with respondent. Harris paid respondent $100 at the first visit, an additional $100 at his second visit and $310 at his third office visit for a total of $510. Respondent told Harris the money was for the filing fee and that respondent would receive a percentage of the amount collected from Firestone.

After his third visit to respondent's office, Harris heard nothing further from respondent. Harris became concerned about the litigation and made numerous attempts to contact respondent by telephone. Though Harris left messages on respondent's answering machine, respondent never returned the client's calls. Eventually Cain's telephone was disconnected. When Harris visited the courthouse to determine if the respondent had filed his lawsuit, courthouse personnel checked and advised Harris no action had been filed. Harris took a day off from his work to visit respondent's law office in Kansas City, Kansas, but found respondent's law office was vacant. Harris learned from another tenant in the building that respondent had moved to Olathe, Kansas. Harris eventually found the respondent in Olathe. Cain told Harris that his paperwork had been misplaced. Cain discouraged Harris from getting another attorney and indicated he would file the action.

Respondent's file on the case contains a letter, written in the fall of 1987, to Firestone making demand prior to filing a lawsuit. On August 1, 1988, respondent filed the lawsuit entitled *Clayton Harris v. Firestone Tire and Rubber Co.*, Case No. 88 C 3189, in the District Court of Wyandotte County, Kansas. The petition sought damages in excess of $10,000 for alleged violation of express and implied warranties in repair of the Harris vehicle and an allegation of endangerment of life.

On August 23, 1988, an answer was filed on behalf of Firestone by the firm of McAnany, Van Cleave & Phillips, P.A. Firestone's answer claimed the petition failed to state a claim and the statute of limitations had expired. Frank D. Menghini, the attorney who represented Firestone, testified that, because the property damage appeared to be less than $1,000 and in order to avoid legal fees for his client, he immediately contacted Cain by telephone in an attempt to settle the case. When Cain failed to provide

Menghini with a settlement figure, Menghini scheduled Harris for deposition.

On December 14, 1988, Cain appeared with his client in Menghini's law offices and Harris' deposition was taken. Menghini testified at the deposition hearing that he learned the maximum estimate of damage to the Harris automobile was approximately $1,100. During the deposition, Harris testified that his wife had been scared and injured in the accident. Cain had failed to file a claim on her behalf. Cain failed to respond to Menghini's request for a settlement figure at the taking of the deposition or afterwards. Harris does not recall any discussion with Cain about settlement of the matter before or after his deposition was taken.

On November 18, 1988, a letter giving notice that the pretrial conference would be held on December 29, 1988, was sent to Cain and Menghini by the court. When respondent failed to appear for the pretrial conference, District Judge William M. Cook attempted to contact respondent by telephone. The judge was unable to contact the respondent but left a message on the respondent's answering machine.

On January 10, 1989, Judge Cook notified both counsel by letter that the trial was scheduled to the court on Friday, February 3, 1989, at 1:30 p.m. On February 3, 1989, when the respondent failed to appear for trial, Menghini requested the case be dismissed with prejudice. After an unsuccessful attempt to contact Cain by telephone, Judge Cook ordered the case dismissed without prejudice. That same day, Menghini prepared the order of dismissal and mailed a copy of the order and a copy of his letter to Judge Cook, requesting that the order be signed and filed if no objection was received from the respondent within ten days. When Cain failed to respond, the judge signed and filed the order on February 14, 1989.

Harris testified that, after being contacted by the court reporter, he read and signed his deposition in the respondent's law office subsequent to the court's dismissal of the action. Harris stated he was never advised of the trial setting or the dismissal of his action by Cain during his February visit.

When Harris failed to hear from respondent after his February meeting in respondent's office, Harris again became concerned about the status of his case. After several unsuccessful attempts to reach Cain by telephone and in person, Harris was referred

to the Disciplinary Administrator by the Kansas Bar Association. It was during his June 7, 1989, visit at the Disciplinary Administrator's office that Harris was informed that his lawsuit had been dismissed.

Bruce E. Miller, the Disciplinary Administrator, sent Cain a copy of the letter of complaint from Harris on June 12, 1989. When Cain failed to respond, Miller mailed a second letter to him on July 10, 1989. On July 18, 1989, respondent replied, stating that he had contacted Harris and hoped to have the matter resolved in two weeks. Harris subsequently testified that respondent's statement to the Disciplinary Administrator that respondent had contacted his client and would resolve the matter was untrue. Cain had never contacted his client in an attempt to resolve the matter.

Carolee Sauder Leek was appointed to investigate the charges against respondent. After respondent cancelled his appointment with Leek set for November 7, 1989, Leek left numerous telephone messages for the respondent on his answering machine. Because respondent failed to return her calls, Leek was never able to discuss the charges with the respondent during her investigation.

## CONCLUSIONS OF LAW AND RECOMMENDATION
## OF THE PANEL

The panel was informed that the respondent had received a prior discipline for giving an insufficient funds check to the Clerk of the United States Bankruptcy Court and had been informally admonished. *In the Matter of Robert R. Cain*, Case No. B4506. The panel determined that respondent's actions in the handling of legal matters on behalf of his client, Clayton C. Harris, violated MRPC 1.1 (1990 Kan. Ct. R. Annot. 216) by failing to provide competent representation to a client; MRPC 1.3 (1990 Kan. Ct. R. Annot. 219) by failing to act with reasonable diligence and promptness; MRPC 1.4 (1990 Kan. Ct. R. Annot. 220) by failing to inform a client of the status of a matter and promptly comply with reasonable requests for information; MRPC 8.4(d) (1990 Kan. Ct. R. Annot. 290) by engaging in conduct prejudicial to the administration of justice and MRPC 8.4(g) (1990 Kan. Ct. R. Annot. 290) by engaging in other conduct that adversely reflects

on a lawyer's fitness to practice law; and Supreme Court Rule 207 (1990 Kan. Ct. R. Annot 141) by failing to assist the Disciplinary Administrator in the investigation of this matter when requested. The panel found clear and convincing evidence respondent did violate the Model Rules of Professional Conduct. The panel unanimously recommended that the respondent be disciplined by indefinite suspension from the practice of law pursuant to Rule 203(a)(2) (1990 Kan. Ct. R. Annot. 137).

Respondent did not file exceptions to the panel report. He did not appear in this court, either in person or by counsel, at the scheduled hearing. Based on the record, we agree with and adopt the panel's conclusions and recommendations.

IT IS THEREFORE ORDERED that respondent Robert R. Cain be and he is hereby suspended from the practice of law in the State of Kansas from this date.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (1990 Kan. Ct. R. Annot. 155), that he shall pay the costs of this proceeding, and that this order be published in the official Kansas Reports.